# In re: Silicone Breast Implant Litigation

**354**

*John P. Kopesky, Donald L. Reihart* and *James R. Ronca,* for plaintiff steering committee.

*Alan H. Perer,* for plaintiffs Lewis.

*John A. Bass, Cynthia L. Brennan, Dorothy Duffy, Peter J. Hoffman, Elizabeth G. Howard, David M. Neuhart* and *James A. Wood,* for defendant steering committee.

*Diane Barr Quinlin,* for defendant Skrenta.

BEFORE: WETTICK JR., CASSIMATIS AND DiNUBILE JR., *JJ.*

WETTICK JR., *J.,* February 26, 2004—The initial issue addressed in this opinion and order of court is whether, in a claim for a lack of informed consent, a plaintiff who suffers an injury, the risks of which were not disclosed, may recover for all injuries related to the surgery, including those injuries about which plaintiff was informed. Through a motion in limine, defendant seeks a ruling that plaintiffs may recover only for injuries which they sustained and about which they were not informed. Plaintiffs, on the other hand, contend that once a plaintiff has suffered an injury which is an undisclosed material risk of the procedure, she is entitled to recover for all the injuries that she sustained from the procedure.

Counsel had not cited, and we are not aware of, any Pennsylvania appellate court case law that has directly addressed this issue. However, general principles of law governing lack of informed consent claims and governing damage awards for tortious conduct support plaintiffs' position that defendant is liable for all injuries caused by a procedure performed without the patient's informed consent.

A procedure performed without a patient's informed consent is characterized as a "battery." *Valles v. Albert Einstein Medical Center,* 569 Pa. 542, 551, 805 A.2d 1232, 1237 (2002). A consent is not "informed" unless the physician has advised the patient of those material facts, risks, complications, and alternatives to surgery that a reasonable person in the patient's situation would consider significant in deciding whether to have the operation. *Id.* Thus, where the procedure produces an injury which is a known risk that was not discussed with the patient, the law treats the patient as the victim of a battery. A person who commits a battery is liable for any injuries caused by that battery.

In this court's September 22, 2003 opinion, we used the following example:

"Assume a patient has chronic and severe pain in her thumb. The physician describes surgery that will eliminate the pain. The physician tells the plaintiff that while the surgery will remove the pain, it is extremely likely that she will not be able to use her thumb in the future. The physician does not tell the patient that there is a 5 to 10 percent chance that she will lose the use of her four fingers along with the thumb. The plaintiff has the operation. She loses the use of her thumb. However, she

has no further pain and continues to have the use of her fingers." 151 P.L.J. 272, 272-73 (2003).

The issue we were addressing in that opinion is whether a plaintiff can bring a lack of informed consent claim for injuries to her thumb, where the claim is based on an undisclosed risk that never materialized—the loss of the use of the four fingers. We ruled that since the plaintiff had knowingly consented to a procedure where she might lose the use of her thumb, the plaintiff cannot complain about a procedure that caused only this injury. In other words, the procedure was performed with the plaintiff's informed consent because the plaintiff had consented to an operation that, even if properly performed, might result in the plaintiff's loss of use of her thumb.

We now consider the situation where the patient was told only about the possible loss of use of her thumb and the patient lost the use of her thumb and her four other fingers. In this fact situation, a plaintiff can bring a lack of informed consent claim based on the physician's failure to tell her that there was a 5 to 10 percent chance that she would lose the use of her four fingers along with the thumb. If the jury concludes that the 5 to 10 percent chance that the patient would lose the use of her four fingers along with the use of her thumb was material information that was not disclosed, the plaintiff's damage recovery should also include the loss of the use of her thumb.

In this new fact situation, the plaintiff never consented to an operation that would cause her to lose the use of her thumb and her four fingers. Thus, plaintiff should be returned to the status quo—her condition prior to the surgery. Since she cannot be returned to the status quo,

she is entitled to damages for all losses which the surgery caused.

We reject the argument that she should not recover for injuries related to the loss of the use of her thumb because she had assumed this risk. Such an argument is inconsistent with a jury finding, as discussed below, that she would not have agreed to any surgery that involved the loss of the use of her thumb if she could also lose the use of her four fingers.

The breast implant lawsuits were instituted prior to January 25, 1996.[1] Thus, the issue for the jury is whether the injury is a material risk of the procedure that was not explained. The "material risk" standard is a substitute for a finding that the receipt of such information would have altered a reasonably prudent patient's decision whether to undergo the procedure. If a jury finds that the injury is a material undisclosed risk of the procedure, the patient is deemed to have not consented to the procedure because of the undisclosed potential risk. The patient is treated in the same fashion as if there was a jury finding that a reasonably prudent patient would not have proceeded with the operation had the patient known that the risks of the operation included the undisclosed injuries the patient sustained. Thus, the patient is entitled to damages that are intended to place the patient in the po-

---

1. For lawsuits instituted on or after January 25, 1996, a physician is liable for failure to obtain informed consent only if the patient proves that receiving such information would have been a substantial factor in the patient's decision whether to undergo the procedure. See Act of November 26, 1996, P.L. 776, §10, 40 P.S. §1301.811-A, repealed and recodified as amended by Act of March 20, 2002, P.L. 154, 40 P.S. §1303.504.

sition that she would have occupied if the battery had not been committed.

In summary, there is nothing inconsistent with this court's September 22, 2003 ruling that a patient cannot bring a lack of informed consent claim unless the patient can establish that she sustained injuries resulting from undisclosed material risks, and the ruling in this opinion that the plaintiff can recover for all injuries she sustained from a surgery, in which a material risk was not disclosed. In the first fact situation, the plaintiff is not entitled to damages that are intended to place her in the position in which she would have been if the surgery had not taken place because she consented to a surgery that might produce the injuries which she sustained. In the second instance, the plaintiff is entitled to damages that are intended to place her in the position in which she would have been if the surgery had not taken place because she did not consent to any surgery that would result in the loss of the use of her thumb and her four fingers.

For these reasons, we will be entering a court order denying defendant's motion in limine, seeking to limit evidence concerning plaintiffs' damages to damages related only to undisclosed risks.

In his motion in limine, defendant has raised a second issue—defendant seeks to exclude a plaintiff whose implants have not been removed from seeking damages relating to the removal of the implants. We are denying this motion because we agree with plaintiffs that recovery for removal of implants in the future is permitted in some circumstances. Consider, for example, evidence establishing that a plaintiff will need to have her implants removed.

For these reasons, we enter the following order of court:

## ORDER

On February 26, 2004, it is hereby ordered that defendant's motions in limine are denied.